EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Administración de Terrenos de Puerto Rico<br><br>Peticionaria<br><br>v.<br><br>Sucesión de Yolanda García Hermida compuesta por Matilde Otilia, Ramón Manuel, Carlos Javier, todos de apellidos Arbona García<br><br>Recurridos | 2026 TSPR 82<br><br>218 DPR \_\_\_ |

Número del Caso: CT-2025-0002


Fecha: 31 de julio de 2026


Tribunal de Apelaciones:

Panel VII


Representantes legales de la parte peticionaria:

Lcda. Evelyn Meléndez Figueroa
Lcdo. Carlos E. Cardona Fernández


Representante legal de la parte recurrida:

Lcdo. Rafael A. Ojeda Diez


Materia: Procedimiento Civil – Término de tiempo que tienen las partes en un pleito de expropiación forzosa para solicitar la revisión judicial de la determinación final tomada por el Tribunal de Primera Instancia, cuando es una corporación pública quien insta la causa de acción.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Administración de Terrenos
de Puerto Rico

    Peticionaria

        v.

Sucesión de Yolanda García
Hermida compuesta por Matilde
Otilia, Ramón Manuel, Carlos
Javier, todos de apellidos
Arbona García

    Recurridos

CT-2025-0002    *Certiorari*

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 31 de julio de 2026.

El presente caso nos brinda la oportunidad de reafirmar el término de tiempo que tienen las partes para, -- en un pleito de expropiación forzosa --, solicitar la revisión judicial de la determinación final tomada en el mismo por parte del Tribunal de Primera Instancia, cuando es una corporación pública, y no el Estado Libre Asociado de Puerto Rico, quien insta la referida causa de acción.

Adelantamos, -- tras el estudio jurídico de rigor --, que dicho término es uno de treinta (30) días contados a partir del archivo en autos de copia de la notificación emitida por el foro primario, según dispuesto en la Regla 52.2(a) de Procedimiento Civil, *infra*. Veamos.

I.

La causa de epígrafe tiene su origen en cierta petición de expropiación forzosa presentada por la Administración de Terrenos de Puerto Rico (en adelante, "Administración de Terrenos") en contra de la Sucesión de la Sra. Yolanda García Hermida, compuesta por la Sra. Matilde O. Arbona García, y los Sres. Ramón M. Arbona García y Carlos J. Arbona García (en adelante, "Sucesión García Hermida"), el pasado 27 de octubre de 2006. En extrema síntesis, la referida corporación pública solicitó la adquisición, en pleno y absoluto dominio, de determinada parcela de terreno vacante en el municipio de Aguadilla, por ser ésta, según indicó, de necesidad y utilidad pública para cumplir con los propósitos para los cuales se creó la Administración de Terrenos.

Así las cosas, tras numerosos incidentes procesales no necesarios aquí pormenorizar, el **19 de marzo de 2025** el Tribunal de Primera Instancia notificó una *Sentencia*, mediante la cual otorgó a la referida corporación pública el título, en pleno y absoluto dominio, sobre la propiedad antes descrita. Asimismo, el foro primario decretó que la justa compensación a pagarse por esta última lo sería la suma de $765,424.40, cantidad previamente consignada en el Tribunal de Primera Instancia y oportunamente cedida a la Sucesión García Hermida.

Inconforme con la determinación emitida por el foro primario, el **19 de mayo de 2025** la Sucesión García Hermida presentó, ante el Tribunal de Apelaciones, un recurso de

*Apelación*.[1] A grandes rasgos, en el referido escrito, dicha parte alegó que el Tribunal de Primera Instancia había errado al basar su determinación sobre el justo valor de la propiedad en cuestión en un *Informe de revisión*, en lugar de en un *Informe de valoración*, así como en un testimonio que, según la Sucesión García Hermida, constituía prueba de referencia.

**Enterada de lo anterior, el 11 de junio de 2025 la Administración de Terrenos compareció ante el foro apelativo intermedio mediante una *Moción para solicitar desestimación*. En ésta, la referida corporación pública adujo que la Sucesión García Hermida presentó su recurso apelativo ante el Tribunal de Apelaciones fuera del término que, conforme a lo dispuesto en el ordenamiento procesal civil puertorriqueño, tenía para ello; por lo que, a su juicio, el foro apelativo intermedio carecía de jurisdicción para atender el mismo.**

**En específico, la Administración de Terrenos alegó que, al ser esta última una corporación pública, no era de aplicación al presente caso el término jurisdiccional de sesenta (60) días dispuesto en el inciso (c) de la Regla 52.2 de las de Procedimiento Civil, *infra*, para aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus municipios, sus funcionarios(as) o una de sus instrumentalidades es parte. Más bien, arguyó que el término aquí aplicable era el de treinta (30) días que el inciso (a) de la referida disposición legal provee.**

---

[1] KLAN202500446.

Por su parte, el 25 de junio de 2025 la Sucesión García Hermida presentó, ante el Tribunal de Apelaciones, una *Oposición a moción para solicitar desestimación*. En esencia, argumentó que, por tratarse aquí de un procedimiento de expropiación forzosa en el cual la referida corporación pública actúa para beneficio del Estado y bajo un poder delegado por éste, el término aplicable para presentar una apelación, en casos como éstos, debía ser el de sesenta (60) días dispuesto en la Regla 52.2(c) de Procedimiento Civil, *infra*.

**Evaluados los planteamientos de ambas partes, el 1 de julio de 2025, y notificada el 3 de julio de 2025, el foro apelativo intermedio emitió una *Resolución* mediante la cual declaró no ha lugar la solicitud de desestimación presentada por la Administración de Terrenos.** De dicha determinación, la referida corporación pública solicitó reconsideración, la cual fue denegada el 8 de julio de 2025 por el Tribunal de Apelaciones.

En desacuerdo con el proceder del foro apelativo intermedio, el 22 de julio de 2025 la Administración de Terrenos acudió ante nos mediante una *Solicitud de certificación intrajurisdiccional [. . .]*, la cual acogimos como una petición de *certiorari*, por ser éste el recurso adecuado.[2] En ésta, la referida corporación pública nos solicitó que expidiésemos el mencionado recurso y, en

---

[2] Conjuntamente, la referida corporación pública presentó una *Moción urgente en auxilio de jurisdicción*, la cual fue declarada no ha lugar mediante una *Resolución* emitida el 23 de julio de 2025.

consecuencia, revocásemos el curso de acción seguido por el Tribunal de Apelaciones.

**A grandes rasgos, la Administración de Terrenos reiteró que, debido a que la Sucesión García Hermida recurrió ante el foro apelativo intermedio sesenta (60) días luego de notificada y archivada en autos la _Sentencia_ emitida por el foro primario, el Tribunal de Apelaciones carecía de jurisdicción para atender el recurso presentado ante sí. Lo anterior, por ser ésta una corporación pública con personalidad jurídica propia, a quien, -- en casos como éstos --, le es de aplicación el término jurisdiccional de treinta (30) días dispuesto en la Regla 52.2(a) de Procedimiento Civil, _infra_.**

Oportunamente, la Sucesión García Hermida compareció ante nos mediante un _Alegato en oposición a certiorari._ En el mismo, nos solicita que declaremos la academicidad de la petición de _certiorari_ presentada por la Administración de Terrenos, ello debido a que el foro apelativo intermedio ya dictó _Sentencia_ confirmando el dictamen del Tribunal de Primera Instancia impugnado por la Sucesión García Hermida.[3] En la alternativa, esta última nos solicita que confirmemos la determinación del Tribunal de Apelaciones, en virtud de la cual declaró no ha

---

[3] Sobre el particular, habiendo evaluado el recurso de _Apelación_ ante su consideración, el 7 de agosto de 2025 el Tribunal de Apelaciones emitió una _Sentencia_ mediante la cual confirmó el dictamen del Tribunal de Primera Instancia. Así las cosas, estando en desacuerdo aún, -- y luego de denegada la correspondiente solicitud de reconsideración --, el 26 de septiembre de 2025 la Sucesión García Hermida compareció ante nos mediante un recurso de _certiorari_. No obstante, este Tribunal proveyó no ha lugar al mismo, así como a las dos (2) solicitudes de reconsideración presentadas posteriormente por dicha parte.

lugar la solicitud de desestimación, por falta de jurisdicción, presentada por la referida corporación pública.

En esencia, en su escrito, la Sucesión García Hermida insiste en que, en este caso, el término jurisdiccional aplicable para recurrir en apelación de la determinación emitida por el foro primario debe ser el de sesenta (60) días, reservado para casos en los que el Estado es parte, a tenor de la Regla 52.2(c) de Procedimiento Civil, *infra*. Lo anterior así, por tratarse aquí de un procedimiento de expropiación forzosa, -- y no de un caso civil ordinario --, en el que la Administración de Terrenos ejerce un poder delegado a ésta por el Estado, de modo tal que actúa en función y para beneficio de éste. La Sucesión García Hermida fundamenta su postura en que, según la Ley de Expropiación Forzosa, *infra*, la facultad de expropiar propiedades recae únicamente en el Estado y en las agencias e instrumentalidades de éste.

Trabada así la controversia, expedimos el recurso de *certiorari* al que hemos hecho referencia y, con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa aplicable a los asuntos ante nuestra consideración.

II.

A.

Como es sabido, la Constitución del Estado Libre Asociado de Puerto Rico expresamente reconoce el derecho fundamental al disfrute de la propiedad. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. No obstante, en numerosas ocasiones, este Tribunal ha sentenciado que el referido derecho no es absoluto

y puede ceder, a modo de ejemplo, ante el poder inherente que tiene el Estado para adquirir la titularidad de bienes privados a través del proceso de la expropiación forzosa. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 785 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 603 (2021); *Mun. de Guaynabo v. Adquisición M²*, 180 DPR 206, 216 (2010).

Ahora bien, la facultad de expropiar del Estado, a la que hemos hecho referencia, encuentra límites en el Artículo II, Sección 9, de nuestra Carta Magna. Const. ELA, *supra*, Sec. 9. Allí, la referida disposición constitucional establece que "[n]o se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley". *Íd.*

Así pues, -- como requisito para poder expropiar forzosamente una propiedad privada --, el Estado Libre Asociado deberá: (1) pagar una justa compensación; (2) destinar el bien expropiado a un fin o uso público; y (3) proceder con sujeción a las leyes que regulan este procedimiento en nuestra jurisdicción. *SLG Ortiz-Mateo v. ELA*, *supra*, pág. 786; *Adm. Terrenos v. Ponce Bayland, supra*, págs. 603-604. Véase, también, *Mun. de Guaynabo v. Adquisición M²*, *supra*.

### B.

Sobre este último extremo, conviene señalar que, en Puerto Rico, procesos como los que hoy nos ocupan se encuentran regulados por la Ley de 12 de marzo de 1903, mejor conocida como la *Ley General de Expropiación Forzosa*, 32 LPRA sec. 2901

*et seq*. (en adelante, "Ley de Expropiación Forzosa") y por las Reglas 58 y 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 58 y 60. **En lo pertinente, la Ley de Expropiación Forzosa, *supra*, establece que, en nuestra jurisdicción, el procedimiento para expropiar forzosamente una propiedad podrá instarse por el Estado Libre Asociado o por cualquier junta, comisión, autoridad, consejo u organismo o instrumentalidad creado por la Asamblea Legislativa como agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico.** Sec. 3(a) de la Ley de Expropiación Forzosa, *supra*.[4]

### C.

**En esa dirección, debemos tener presente que la Constitución del Estado Libre Asociado de Puerto Rico otorga**

---

[4] Añadiendo a la discusión, el referido estatuto legal dispone, además, que toda acción o procedimiento de expropiación forzosa iniciado por el Estado deberá presentarse en la sala de San Juan del Tribunal de Primera Instancia. Sec. 5 de la Ley de Expropiación Forzosa, *supra*. Llevados a cabo los trámites de rigor, -- incluyendo, entre otras cosas, el depósito en el foro primario de la cantidad estimada como justa compensación para beneficio de quien tenga derecho a la misma --, el título absoluto de dominio de la propiedad expropiada quedará investido en el Estado. Sección 5(a) de la Ley de Expropiación Forzosa, *supra*. Véase, también, Reglas 58.3 y 58.9 de Procedimiento Civil, *supra*; *Amador Roberts et als. v. ELA*, 191 DPR 268, 278 (2014); *Mun. de Guaynabo v. Adquisición M²*, *supra*, pág. 217; *A.C.T. v. Iñesta*, 165 DPR 891, 904-905 (2005).

Dicho ello, cabe señalar que, de conformidad con lo dispuesto en la Sec. 4 de la Ley de Expropiación Forzosa, *supra,* este procedimiento es considerado uno *in rem*, entiéndase, que irá dirigido contra la propiedad o propiedades a expropiar. *Adm. Terrenos v. Ponce Bayland*, *supra*, pág. 604; *E.L.A. v. Registrador*, 111 DPR 117, 120 (1981); *Pueblo v. McCormick, Alcaide & Co.*, 78 DPR 939, 945 (1956). Por ello, tanto la precitada ley como la Regla 58 de Procedimiento Civil, *supra*, requieren que, desde el inicio del pleito, el Estado acumule en la precitada causa de acción a todas aquellas personas, cuyos nombres se conozcan, "que tengan o reclamen un derecho" sobre la propiedad a ser expropiada. Regla 58.3(b) de Procedimiento Civil, *supra.* Véase, también, *Adm. Terrenos v. Ponce Bayland*, *supra,* y *Mun. de Guaynabo v. Adquisición M²*, *supra*, pág. 218. Así, una vez se notifique al titular o dueño de la propiedad del procedimiento de expropiación, éste, de entenderlo necesario, tendrá la oportunidad de expresarse y presentar aquellas defensas y objeciones que tenga sobre el fin público de la expropiación o sobre la cuantía declarada como justa compensación. *Amador Roberts et als. v. ELA*, *supra*; *Mun. de Guaynabo v. Adquisición M2, supra*, pág. 217; *A.C.T. v. 780.6141m²*, 165 DPR 121, 133 (2014).

**al legislador y a la legisladora la prerrogativa de aprobar leyes a los fines de crear, consolidar o reorganizar departamentos ejecutivos y definir sus funciones.** Art. III, Sec. 16, Const. ELA, *supra*. **De ahí que "el Estado, a través de la Rama Legislativa, goza de la facultad de conferirle a las instrumentalidades que crea la estructura organizativa, administrativa y funcional que estime más apropiada a fin de lograr el más óptimo y efectivo funcionamiento de las mismas".** *Pagán et al. v. E.L.A. et al.*, 131 DPR 795, 803 (1992).

Cónsono con ello, entre las formas en que puede organizarse una instrumentalidad del gobierno, se encuentra la corporación pública. *Íd.* Véase, también, C. Arvelo Forteza, *Los departamentos sombrillas en Puerto Rico*, 88 (Núm. 3) Rev. Jur. UPR 720, 722 (2019). En reiteradas ocasiones este Tribunal ha sentenciado que, para que una entidad gubernamental pueda ser considerada como una corporación pública, se ha de tomar en consideración, entre otras cosas, si la misma: (1) posee ingresos propios; (2) tiene autonomía fiscal para realizar préstamos, emisiones de bonos y cuentas bancarias; (3) posee propiedades; (4) cuenta con una Junta de Directores; (5) puede aceptar donaciones; y (6) si tiene capacidad para concertar acuerdos o contratos. Arvelo Forteza, *op. cit*. Véase, también, *Pagán et al. v. E.L.A. et al.*, *supra*, págs. 804-805, *Canchini v. C.R.U.V.*, 105 DPR 352 (1976) y *A.A.A. v. Unión Empleados A.A.A.*, 105 DPR 437 (1976).

**Precisamente, fue como corporación pública que la Asamblea Legislativa estructuró la Administración de Terrenos.**

Art. 3, inciso (a), de la Ley Núm. 13-1962, *infra*. Sobre ello, no hay duda.

### III.

Y es que, como surge expresamente de su ley habilitadora, -- a saber, la Ley Núm. 13 de 16 de mayo de 1962, mejor conocida como la *Ley de la Administración de Terrenos de Puerto Rico*, 23 LPRA sec. 311 *et seq.* (en adelante, "Ley Núm. 13-1962") --, la Administración de Terrenos fue creada como "un cuerpo corporativo y político que constituirá una <u>corporación pública</u> o instrumentalidad gubernamental con personalidad jurídica propia, independiente de la del Estado Libre Asociado de Puerto Rico". (Énfasis suplido). Art. 3(a) de la Ley Núm. 13-1962, *supra*. A grandes rasgos, ésta tiene como propósito, entre otros, promover el bienestar, la libertad económica y la justicia social de los habitantes de Puerto Rico, mediante el uso eficiente de los terrenos, así como la habilitación de nuevas áreas en cualquier parte de Puerto Rico. Exposición de motivos de la Ley Núm. 13-1962, *supra*.

Para llevar a cabo su encomienda, y en lo pertinente a la causa de epígrafe, la Asamblea Legislativa confirió a la Administración de Terrenos, entre otros, los siguientes derechos y poderes: (1) demandar y ser demandada; (2) hacer contratos y formalizar toda clase de instrumentos que entendiese necesario o conveniente para el ejercicio de sus poderes; **(3) adquirir bienes en cualquier forma legal, incluyendo, por compra, pública subasta, arrendamiento, legado, cesión, permuta, donación o <u>mediante la expropiación</u>**

**<u>forzosa</u> en la forma en que provea su ley habilitadora y las leyes de Puerto Rico; y retener, conservar, usar y servirse de o utilizar cualesquiera bienes inmuebles o muebles que considere necesarios o convenientes para realizar sus fines;** (4) vender o de otro modo disponer de cualquier propiedad mueble o inmueble que ya no considere necesaria para cumplir con su propósito; (5) tomar dinero a préstamo, dar garantías y emitir bonos para cualquiera de sus fines corporativos; (6) aceptar, a nombre propio o a nombre del Estado, ayuda económica de cualquier naturaleza, incluyendo subsidios, donaciones y otras similares, del Estado Libre Asociado de Puerto Rico o sus agencias, y del Gobierno de los Estados Unidos o sus agencias y de personas particulares; así como hacer contratos, arrendamientos, convenios u otras transacciones con cualquiera o cualesquiera de dichos Gobiernos o sus agencias e invertir el producto de los fondos recibidos, para los fines de su ley habilitadora; y (7) llevar a cabo convenios con el Gobierno de Puerto Rico, agencias, así como con personas o entidades privadas, ya sean naturales o jurídicas, para adquirir para éstos propiedad inmueble mediante diversos mecanismos, incluyendo el de expropiación forzosa, a fin de viabilizar un proyecto de desarrollo. Art. 7, incisos (f), (i), (j), (l), (m), (n) y (y), de la Ley Núm. 13-1962, *supra*.

**Cabe destacar que, según el inciso (q) del mismo Art. 7 de la Ley Núm. 13-1962, *supra*, la referida corporación pública tiene el poder para adquirir, por los modos provistos en su ley habilitadora, propiedad privada para reservarla, en**

**beneficio del Pueblo de Puerto Rico, para uso del Estado Libre Asociado de Puerto Rico o sus agencias. A tenor de ello, en aquellos casos en que se adquiera propiedad mediante un procedimiento de expropiación forzosa, la misma podrá cederse o traspasarse al Estado Libre Asociado de Puerto Rico o sus agencias.** *Íd.*

Sobre esto último, -- entiéndase, el procedimiento de expropiación forzosa --, el Art. 12 de la Ley Núm. 13-1962, *supra*, indica, en primera instancia, que, a solicitud de la Administración de Terrenos, el Estado podrá adquirir mediante dicho procedimiento, por compra o por cualquier otro medio legal, para uso y beneficio de la Administración de Terrenos, el título de cualquier propiedad inmueble o interés sobre la misma que fuere necesaria o conveniente para sus fines. Asimismo, la precitada disposición legal establece que, una vez se lleven a cabo los trámites correspondientes relacionados con el valor de la propiedad a expropiarse, el título de ésta se transmitirá a la Administración de Terrenos. *Íd.* No obstante, se podrá prescindir de dicha transferencia si el Gobernador o la Gobernadora de Puerto Rico solicita que, por necesidad y conveniencia, el título de los bienes o derechos adquiridos sea inscrito directamente en favor de la Administración de Terrenos. *Íd.*

**De igual manera, en el mismo Art. 12 de la Ley Núm. 13-1962, *supra*, se dispone que la referida corporación pública podrá instar por sí misma un procedimiento de expropiación forzosa, cuando así lo estime conveniente. En esa línea, el**

**Art. 14 del precitado estatuto legal establece que la Administración de Terrenos podrá, dentro de cualquier procedimiento entablado por sí o a su nombre, declarar que pretende adquirir determinada propiedad para su propio uso.** Art. 14 de la Ley Núm. 13-1962, *supra*. Cabe señalar que, aun en esos casos, la propiedad se considera adquirida para uso público. *Íd*.

IV.

Por último, y ya más en lo relacionado con el asunto medular de la controversia ante nos, -- uno de naturaleza estrictamente procesal --, la Regla 52.2 de Procedimiento Civil, *supra*,[5] dispone, en su inciso (a), que "[l]os recursos de apelación al Tribunal de Apelaciones [...] para revisar sentencias, [como lo sería la sentencia final dictada en un pleito de expropiación forzosa], deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado". Por su parte, la misma Regla 52.2, pero en su inciso (c), nos señala que,

> [e]n aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, **excluyendo a las corporaciones públicas**, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de *certiorari* para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de sesenta (60) días

---

[5] El lenguaje de la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, guarda estrecha relación con el de la precitada regla y dispone los mismos términos jurisdiccionales que ésta.

contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida. [. . .] (Énfasis suplido). R. 52.2(c) de Procedimiento Civil, *supra*.

Dicho ello, con relación a los términos, este Tribunal ha establecido que los mismos son un "plazo concedido por ley para realizar determinado acto procesal". R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 1801, pág. 230. Sobre el particular, hemos indicado que "existen distintos tipos de términos, a saber: discrecionales, directivos, de cumplimiento estricto y jurisdiccionales". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017). Véase, también, Hernández Colón, *op. cit.*

Específicamente, en cuanto a los términos jurisdiccionales, -- como son los contemplados en la Regla 52.2 de Procedimiento Civil, *supra* --, este Tribunal ha reiterado que éstos son fatales e insubsanables. *Con. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1018, 1027 (2022); *Rosario Domínguez et als. v. ELA et al.*, *supra*; *Reliable Financial v. ELA*, 197 DPR 289, 310 (2017). Debido a lo anterior, "los tribunales carecen de jurisdicción para entender en el planteamiento si los escritos se presentan fuera de término". Hernández Colón, *op. cit.*, pág. 235.

Ello, pues, como se sabe, la jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir un caso o controversia ante sí. *Friger Salgueiro v. Mech-Tech College, LLC et als.*, 2026 TSPR 30, págs. 7-8, 218 DPR ___ (2026); *Greene et als. v. Biase et als.*, 2025 TSPR 83, pág. 8,

216 DPR __ (2025); *CIC Const. v. JSMP-UPR*, 196 DPR 964, 972 (2016). En ese sentido, y toda vez que los tribunales tienen el deber de ser celosos guardianes de su jurisdicción, cuando se carece de ésta, sólo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Friger Salgueiro v. Mech-Tech College, LLC et als.*, *supra*, pág. 8 (citando a *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023)); *Greene et als. v. Biase et als.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386-387 (2020). Lo anterior surge puesto que, entre otras consecuencias, la ausencia de jurisdicción: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela ni abrogársela al tribunal; y, (3) conlleva la nulidad de los dictámenes emitidos. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 935-936 (2011); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Es, pues, a la luz de la normativa antes expuesta, que procedemos a disponer de la controversia ante nuestra consideración.

## V.

En el presente caso, como mencionamos, la Administración de Terrenos sostiene que, para fines de revisar la determinación del Tribunal de Primera Instancia en un pleito de expropiación forzosa, -- por ser ésta una corporación pública --, le es de aplicación el término de treinta (30) días contemplado en la Regla 52.2(a) de las de Procedimiento Civil, *supra*. Le asiste la razón.

Y es que, como hemos podido apreciar, la Ley Núm. 13-1962, *supra*, expresamente dispone que la Administración de Terrenos se creó, y debe ser considerada, como una corporación pública. Además, de un examen del precitado estatuto legal, se desprende también, claramente, que, entre las facultades que la Asamblea Legislativa le otorgó a la referida entidad gubernamental, está el poder de adquirir bienes mediante la expropiación forzosa.

Habiendo, entonces, establecido aquí que la Administración de Terrenos es una corporación pública, de conformidad con la normativa antes expuesta, el término jurisdiccional con que contaba la Sucesión García Hermida para impugnar la *Sentencia* emitida por el foro primario en el pleito de expropiación forzosa que nos ocupa, era, sin lugar a dudas, el de treinta (30) días provisto por la Regla 52.2(a) de Procedimiento Civil, *supra*. Lo anterior es así, pues el inciso (c) de la misma regla, el cual le permite a cualquier parte en un pleito en el que figuren el Estado, y los municipios, sus funcionarios o una de sus instrumentalidades presentar un recurso de revisión judicial en un término de sesenta (60) días, excluye de su aplicación, -- con meridiana claridad --, a las corporaciones públicas.[6]

Siendo ello así, y, toda vez que el Tribunal de Primera Instancia emitió la *Sentencia* objeto del presente litigio el

---

[6] Como cuestión de hecho, el Estado libre Asociado no aparece ni en el epígrafe del presente caso, de modo que, -- acreditado su emplazamiento --, pudiese ser considerado como parte en el mismo y, por consiguiente, se activase aquí el término de revisión judicial de sesenta (60) días dispuesto en la Regla 52.2(c) de Procedimiento Civil, *supra*.

pasado 19 de marzo de 2025, la Sucesión García Hermida tenía hasta el 18 de abril de 2025 para presentar su recurso de *Apelación* ante el Tribunal de Apelaciones. Al haber presentado el mismo el 19 de mayo de 2025, -- entiéndase, treinta (30) días luego de vencido el término jurisdiccional disponible para ello --, procedía, pues, que el foro apelativo intermedio desestimara su caso por falta de jurisdicción.

VI.

Por los fundamentos antes expuestos, se revoca la *Resolución* emitida por el Tribunal de Apelaciones, en virtud de la cual dicho foro denegó la solicitud de desestimación, por falta de jurisdicción, presentada ante sí por la Administración de Terrenos. A su vez, se declara la nulidad de la *Sentencia* emitida por el foro apelativo intermedio, por este último haber actuado sin jurisdicción y, consecuentemente, se reinstala la *Sentencia* del foro primario.

Se dictará *Sentencia* de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Administración de Terrenos
de Puerto Rico

    Peticionaria

           v.                  CT-2025-0002     *Certiorari*

Sucesión de Yolanda García
Hermida compuesta por Matilde
Otilia, Ramón Manuel, Carlos
Javier, todos de apellidos
Arbona García

    Recurridos

SENTENCIA

En San Juan, Puerto Rico a 31 de julio de 2026.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la *Resolución* emitida por el Tribunal de Apelaciones, en virtud de la cual dicho foro denegó la solicitud de desestimación, por falta de jurisdicción, presentada ante sí por la Administración de Terrenos de Puerto Rico. A su vez, se declara la nulidad de la *Sentencia* emitida por el foro apelativo intermedio, por este último haber actuado sin jurisdicción y, consecuentemente, se reinstala la *Sentencia* del foro primario.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo